## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 2:12-cv-06796-LDD <br><br> DEMAND FOR JURY TRIAL |

### INFINITY COMPUTER PRODUCTS, INC.'S ANSWER TO TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.'S COUNTERCLAIMS

Plaintiff Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") files this Answer to the Counterclaims filed by Defendant Toshiba America Business Solutions, Inc. ("Toshiba" or "Defendant") on January 23, 2013 (Dkt. No. 9).

### JURISDICTION AND VENUE

1. Infinity admits to the allegations set forth in paragraph 1 of the Counterclaims.

2. Infinity admits to the allegations set forth in paragraph 2 of the Counterclaims.

## THE PARTIES

3. Upon information and belief, Infinity admits that Defendant is a California corporation with its principal place of business in Irvine, California. Infinity denies all other allegations set forth in paragraph 3 of the Counterclaims.

4. Infinity admits to the allegations set forth in paragraph 4 of the Counterclaims.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '811 PATENT

5. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

6. Infinity admits that Infinity alleges in its Severed Complaint that Toshiba infringes one or more claims of the '811 Patent and acknowledges that Toshiba denies said allegations in its Counterclaims, but otherwise denies the allegations set forth in paragraph 6 of the Counterclaims.

7. Infinity admits to the allegations set forth in paragraph 7 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Toshiba's infringement, reasserts its allegations that Toshiba infringes the '811 Patent, and denies any remaining allegations.

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '423 PATENT

8. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

9. Infinity admits that Infinity alleges in its Severed Complaint that Toshiba infringes one or more claims of the '423 Patent and acknowledges that Toshiba denies said allegations in its Counterclaims, but otherwise denies the allegations set forth in paragraph 9 of the Counterclaims.

10. Infinity admits to the allegations set forth in paragraph 10 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Toshiba's infringement, reasserts its allegations that Toshiba infringes the '423 Patent, and denies any remaining allegations.

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '574 PATENT

11. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

12. Infinity admits that Infinity alleges in its Severed Complaint that Toshiba infringes one or more claims of the '574 Patent and acknowledges that

Toshiba denies said allegations in its Counterclaims, but otherwise denies the allegations set forth in paragraph 12 of the Counterclaims.

13. Infinity admits to the allegations set forth in paragraph 13 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Toshiba's infringement, reasserts its allegations that Toshiba infringes the '574 Patent, and denies any remaining allegations.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '915 PATENT

14. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

15. Infinity admits that Infinity alleges in its Severed Complaint that Toshiba infringes one or more claims of the '915 Patent and acknowledges that Toshiba denies said allegations in its Counterclaims, but otherwise denies the allegations set forth in paragraph 15 of the Counterclaims.

16. Infinity admits to the allegations set forth in paragraph 16 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Toshiba's infringement, reasserts its allegations that Toshiba infringes the '915 Patent, and denies any remaining allegations.

## **DECLARATORY JUDGMENT OF INVALIDITY OF THE '811 PATENT**

17.     Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

18.     Infinity admits that Infinity alleges in its Severed Complaint that the claims of the '811 Patent are valid and otherwise denies the allegations set forth in paragraph 18 of the Counterclaims.

19.     Infinity admits to the allegations set forth in paragraph 19 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '811 Patent is invalid, denies that the '811 Patent is invalid, and denies any remaining allegations.

## **DECLARATORY JUDGMENT OF INVALIDITY OF THE '423 PATENT**

20.     Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

21.     Infinity admits that Infinity alleges in its Severed Complaint that the claims of the '423 Patent are valid and otherwise denies the allegations set forth in paragraph 21 of the Counterclaims.

22.     Infinity admits to the allegations set forth in paragraph 22 of the Counterclaims to the extent that an actual controversy within the meaning of 28

U.S.C. §§ 2201 and 2202 exists as to whether the '423 Patent is invalid, denies that the '423 Patent is invalid, and denies any remaining allegations.

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '574 PATENT

23. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

24. Infinity admits that Infinity alleges in its Severed Complaint that the claims of the '574 Patent are valid and otherwise denies the allegations set forth in paragraph 24 of the Counterclaims.

25. Infinity admits to the allegations set forth in paragraph 25 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '574 Patent is invalid, denies that the '574 Patent is invalid, and denies any remaining allegations.

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '915 PATENT

26. Infinity repeats and incorporates each of the allegations set forth above and in Plaintiff's Complaint as though they were fully set forth herein.

27. Infinity admits that Infinity alleges in its Severed Complaint that the claims of the '915 Patent are valid and otherwise denies the allegations set forth in paragraph 27 of the Counterclaims.

28. Infinity admits to the allegations set forth in paragraph 28 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '915 Patent is invalid, denies that the '915 Patent is invalid, and denies any remaining allegations.

## TOSHIBA'S PRAYER FOR RELIEF

Infinity denies that Toshiba is entitled to the relief requested in subparagraphs (a) through (o) of the Counterclaims or any other relief.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Infinity respectfully demands a jury trial of all issues triable to a jury in this action.

## INFINITY'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each cause of action set forth in Toshiba's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Toshiba's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Toshiba has failed to make reasonable efforts to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Toshiba's claims are subject to a set off based upon Toshiba's and/or other parties' acts and wrongdoing.

### INFINITY'S PRAYER FOR RELIEF

WHEREFORE, Infinity prays for judgment against Toshiba as follows:

A.   For judgment dismissing Toshiba's Counterclaims with prejudice;

B.   For a declaration that this is an exceptional case, and an award to Infinity of its costs and attorneys' fees incurred herein; and

C.   That Infinity be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Infinity's Original Complaint.

\
\

Date: <u>February 13, 2013</u>

         */s/ Douglas L. Bridges*
         Douglas L. Bridges (*Pro Hac Vice*)
         Email: dbridges@hgdlawfirm.com
         **HENINGER GARRISON DAVIS, LLC**
         169 Dauphin Street, Suite 100
         Mobile, Alabama 36602
         Telephone: (251) 298-8701  Fax: (205) 547-5504

         Robert L. Sachs, Jr., Esq.
         E-mail: RSachs@shragerlaw.com
         **SHRAGER, SPIVEY & SACHS**
         One Commerce Square
         2005 Market Street, Suite 2300
         Philadelphia, PA 19103
         Telephone: (215) 568-7771  Fax: (215) 568-7495

         ***Attorneys for Infinity Computer Products, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically via the Court's CM/ECF system pursuant to Local Rule 5.1.2, resulting in service on counsel for the Defendant.

Date: <u>February 13, 2013</u>

                                                  */s/ Douglas L. Bridges*
                                                  Douglas L. Bridges