**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 2:12-cv-06796-LDD |
| TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., | Judge:  Hon. Legrome D. Davis |
| Defendant. | |

### DEFENDANT TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Pursuant to Federal Rule of Civil Procedure 41(b), defendant Toshiba America Business Solutions, Inc. ("TABS") hereby moves this Court to dismiss plaintiff Infinity Computer Products, Inc.'s ("Infinity") complaint, with prejudice, for Infinity's failure to prosecute and comply with this Court's orders.

The grounds for this motion are set forth fully in the accompanying Memorandum of Law filed with this motion.  Despite this Court's order to find new counsel, Infinity has not been represented by counsel in the case for more than three years.  In that time, no counsel has appeared and Infinity has not filed anything with this Court.  Even though the patents-in-suit exited reexamination over seven months ago, Infinity continues to do nothing to further its case.

1

Dated:  June 9, 2017

Respectfully submitted,

By:  DORSEY & WHITNEY LLP
     */s/ Paul T. Meiklejohn*

Paul T. Meiklejohn
WA Bar No. 17477
meiklejohn.paul@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-8746
Facsimile: 206-903-8820

CONRAD O'BRIEN P.C.
Nancy J. Gellman
ngellman@conradobrien.com
1500 Market Street
Centre Square West Tower, 39th Floor
Philadelphia, PA  19102
Telephone:  215-864-8065

**ATTORNEYS FOR TOSHIBA AMERICA
BUSINESS SOLUTIONS, INC.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 2:12-cv-06796-LDD |
| TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., | Judge:  Hon. Legrome D. Davis |
| Defendant. | |

**DEFENDANT TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

## TABLE OF CONTENTS

I.     **PRELIMINARY STATEMENT** ................................................................1

II.    **BACKGROUND** ..................................................................................1

    A.    The Litigation.............................................................................1

    B.    The Intervening Reexaminations of the Patents-in-Suit. ........................5

III.   **ARGUMENT** ......................................................................................7

    A.    The Court Should Dismiss Infinity's Complaint Because Infinity's Failure to Secure Legal Representation Makes Further Adjudication of this Case Impossible. ..............................................................................7

    B.    The Court Should Dismiss the Complaint Under an Application and Balancing of the *Poulis* Factors. ......................................................9

IV.   **CONCLUSION** .................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund,*
  29 F.3d 863, 875 (3d Cir. 1994)..........................................................................10

*Adegbuji v. Middlesex Cty.*,
  347 F. App'x 877 (3d Cir. 2009) ........................................................................15

*Beaver Res. Corp. v. Brawand,*
  618 F. App'x 736 (3d Cir. 2015) ....................................................................7, 12

*Briscoe v. Klaus,*
  538 F.3d 252 (3d Cir. 2008) ...............................................................................13

*Buschmeier v. G&G Investments, Inc.*,
  222 F. App'x 160 (3d Cir. 2007) ..........................................................................4

*Dougherty v. Snyder,*
  469 F. App'x 71 (3d Cir. 2012) .............................................................................7

*Edokeda Trading, Ltd. v. Merch. Nat'l, LLC,*
  No. 12-7481 (SRC), 2013 U.S. Dist. LEXIS 129893 (D.N.J. Aug. 22, 2013) .................12, 13

*Goldstein v. Roxborough Real Estate LLC,*
  No. 15-3680, 2017 U.S. App. LEXIS 1955 (3d Cir. Feb. 3, 2017) ....................................7, 14

*J & P Recovery, Inc. v. R.C. Dolner, Inc.*, +
  No. CIV.A. 00-5761, 2002 WL 1774058 (E.D. Pa. Aug. 1, 2002) ..................11, 13

*Jackson v. U.S. Bankr. Court,*
  350 F. App'x 621 (3d Cir. 2009) ...........................................................................8

*Jones v. N.J. Bar Ass'n,*
  242 F. App'x 793 (3d Cir. 2007) ...........................................................................8

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998)............................................................................14

*Lyell Theatre Corp. v. Loews Corp.*,
  682 F.2d 37 (2d Cir. 1982)...................................................................................12

*Martino v. Solaris Health Sys. Corp.*,
  No. CIV.A.04 6324 SRC, 2007 WL 1959226 (D.N.J. June 29, 2007) ....................................15

*Mindek v. Rigatti*,
   964 F.2d 1369 (3d Cir. 1992)...........................................................................13, 15

*Poulis v. State Farm Fire & Cas. Co.*,
   747 F.2d 863 (3d Cir. 1984)............................................................... *passim*

*Qadr v. Overmyer*,
   642 F. App'x 100 (3d Cir. 2016) ......................................................................10

*Ramada Worldwide, Inc. v. Veer Enters., LLC*,
   No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099 (D.N.J. Mar. 28, 2013) ...................10

*ResumeBear Holdings Corp. v. Huard*,
   No. 14-4482 (PGS), 2016 U.S. Dist. LEXIS 33402 (D.N.J. Jan. 21, 2016)...................12, 15

*Rowland v. Cal. Men's Colony*,
   506 U.S. 194 (1993) ...................................................................................4

*Shipman v. Delaware*,
   381 F. App'x 162 (3d Cir. 2010) ...................................................................8, 9

*Simbraw, Inc. v. United States*,
   367 F.2d 373 (3d Cir. 1966)...........................................................................7

*Tallard Techs., Inc. v. Iprovide Grp., Inc.*,
   No. 2004-101, 2013 U.S. Dist. LEXIS 72284 (D.V.I. May 22, 2013) ........................... *passim*

**Statutes**

35 U.S.C. § 103(a) ...........................................................................................5

35 U.S.C. § 252...............................................................................................14

35 U.S.C. § 307(b) ..........................................................................................14

**Other Authorities**

Federal Rule of Civil Procedure 41(b)................................................................. *passim*

Local Rule 5.1................................................................................................2

## I.      PRELIMINARY STATEMENT

Despite being notified over four years ago (in March 2013) of its need to secure new counsel, plaintiff Infinity has not been represented by an attorney in this action since the Court permitted its counsel to withdraw on November 22, 2013.  The Court granted Infinity's counsel's motion to withdraw for a variety of reasons, including the fact that Infinity refused to enter an engagement contract with him and refused to pay him.  Advising Infinity of the well-settled law that, as a corporate plaintiff, it could not proceed in this litigation without representation, the Court ordered Infinity to "promptly retain new counsel."  (Dkt. 28).  Nearly three and a half years have passed since the Court's order and Infinity still has not appeared with counsel.  Nor has Infinity filed the required status reports regarding the United States Patent and Trademark Office ("USPTO") reexamination proceedings, or advised the Court that the reexamination proceedings were complete over seven months ago, as required by the Court's April 30, 2013 and October 29, 2013 orders.  (Dkt. 20; Dkt. 25).  Infinity is in clear violation of this Court's orders and, as such, its case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's directives.

## II.      BACKGROUND

### A.      The Litigation.

On June 30, 2010, Infinity filed a complaint against fifteen defendants, including TABS. (*See Infinity Comput. Prods., Inc. v. Brother Int'l Corp.*, No. 2:10-cv-3175 (LDD) (E.D. Pa.)). On October 5, 2012, several defendants, including TABS, moved to sever for Infinity's misjoinder of parties.  (Dkt. 2:10-cv-3175, Nos. 260, 261, 263).  The Court granted defendants' motion on November 16, 2012, severing that initial filing into multiple separate actions against each remaining defendant.  (Dkt. 2:10-cv-3175, No.  280).

Infinity filed its separate complaint against TABS on December 5, 2012, reasserting the severed claims from the initial case and asserting claims arising from two additional patents.[1] (*See* Dkt. 1).  At that time, Douglas Bridges of Heninger Garrison Davis, LLC ("HGD") and Robert Sachs of Shrager, Spivey & Sachs represented Infinity.  (*Id.* at 19).  No other attorneys appeared on behalf of Infinity.

Four months after the Court granted defendants' motion to sever, on March 18, 2013, Mr. Bridges filed a "Notice of Withdrawal of Appearance," stating that, as of March 15, 2013, he was no longer associated with HGD and that he was withdrawing as Infinity's counsel.  (Dkt. 17, at 1).  Although, in his notice, Mr. Bridges cited Local Rule 5.1, which provides that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party," no other attorney entered an appearance for Infinity then or following Mr. Bridges' withdrawal, leaving Mr. Sachs as the only attorney appearing for Infinity.

Multiple requests for *ex parte* reexamination were filed with the USPTO for all four patents-in-suit between April 19, 2011 and April 10, 2014.[2,3]  Accordingly, on April 12, 2013,

---

[1]    Following severance, Infinity likewise filed separate complaints against most of the other defendants.  *See Infinity Comput. Prods., Inc. v. Oki Data Ams., Inc.*, 2:12-cv-06797-LDD; *Infinity Comput. Prods., Inc. v. Samsung Elecs. Am., Inc.*, 2:12-cv-06798-LDD; *Infinity Comput. Prods., Inc. v. Lexmark Int'l, Inc.*, 2:12-cv-06799-LDD; *Infinity Comput. Prods., Inc. v. Canon USA, Inc.*, 2:12-cv-06800-LDD; *Infinity Comput. Prods., Inc. v. Eastman Kodak Co.*, 2:12-cv-06801-LDD; *Infinity Comput. Prods., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc.*, 2:12-cv-06802-LDD; *Infinity Comput. Prods., Inc. v. Panasonic Corp. of N. Am.*, 2:12-cv-06803-LDD; *Infinity Comput. Prods., Inc. v. Xerox Corp., Inc.*, 2:12-cv-06804-LDD; *Infinity Comput. Prods., Inc. v. Hewlett-Packard Co.*, 2:12-cv-06805-LDD; *Infinity Comput. Prods., Inc. v. Epson Am., Inc.*, 2:12-cv-06806-LDD; *Infinity Comput. Prods., Inc. v. Ricoh Ams. Corp.*, 2:12-cv-06807-LDD; and *Infinity Comput. Prods., Inc. v. Dell, Inc.*, 2:12-cv-06808-LDD.

[2]    All of the Exhibits ("Ex. _") referenced in this memorandum are attached to the Declaration of Erin C. Kolter filed in support of this motion.

TABS moved for a stay. (Dkt. 18). This Court granted TABS's motion on April 30, 2013, staying the case until the USPTO completed its reexaminations of the patents-in-suit. (Dkt. 20, at 1). As part of its order to stay the case, the Court required an update every ninety days, and an update when the USPTO issued a final determination regarding any of the patents. (*Id.*; Dkt. 25).

Just over two months later, on July 12, 2013, Infinity's remaining attorney, Mr. Sachs, filed a Motion to Withdraw as Counsel in this case. (Dkt. 21). Mr. Sachs explained that he represented Infinity as its local counsel "under an arrangement with Infinity's former primary counsel," HGD, and that he had agreed to stay on temporarily (for ninety days) only so that Infinity could find new counsel. (*Id.* at 3). Mr. Sachs further averred that HGD had withdrawn because "Infinity and HGD did not share the same vision or goals for this litigation," that he (Mr. Sachs) did not wish to remain as Lead Counsel for Infinity in this or any of the related cases, and that Infinity's agreed-upon ninety days to find new counsel had "long passed." (*Id.* at 3, 5). On July 16, 2013, this Court denied Mr. Sachs' motion without prejudice and allowed Mr. Sachs to re-file the motion "upon another attorney's filing a Notice of Appearance on behalf of Plaintiff in this matter." (Dkt. 22).

Mr. Sachs continued to represent Infinity, filing status reports in accordance with the Court's April 30, 2013 order staying the case, until November 18, 2013, when he renewed his

---

[3]    *See* Ex. 1 (Request, Reexamination Control No. 90/009,901 (Apr. 19, 2011)) (U.S. Pat. No. 6,894,811 (the "'811 patent"))); Ex. 2 (Request, Reexamination Control No. 90/012,816 (Mar. 22, 2013) (the '811 patent)); Ex. 3 (Request, Reexamination Control No. 90/013,208 (Apr. 10, 2014) (the '811 patent)); Ex. 4 (Request, Reexamination Control No. 90/009,902 (Apr. 19, 2011)) (U.S. Pat. No. 7,489,423 (the "'423 patent"))); Ex. 5 (Request, Reexamination Control No. 90/012,815 (Mar. 22, 2013) (the '423 patent)); Ex. 6 (Request, Reexamination Control No. 90/013,207 (Apr. 10, 2014) (the '423 patent)); Ex. 7 (Request, Reexamination Control No. 90/012,817 (Mar. 22, 2013) (U.S. Pat. No. 8,040,574 (the "'574 patent"))); Ex. 8 (Request, Reexamination Control No. 90/013,209 (Apr. 10, 2014) (the '574 patent)); Ex. 9 (Request, Reexamination Control No. 90/012,818 (Mar. 22, 2013) (U.S. Pat. No. 8,294,915 (the "'915 patent"))); Ex. 10 (Request, Reexamination Control No. 90/013,210 (Apr. 10, 2014) (the '915 patent)).

motion to withdraw.  (Dkt. 27).  Mr. Sachs' motion restated the reasons from his initial effort to withdraw, and included several additional reasons in support of his application.  (*Id.*)  To that end, he noted that "[n]early eight months have passed without an indication that Infinity has succeeded in, or evidence that they have even attempted" to hire replacement counsel, and that Infinity's prospects for obtaining new counsel were "challenged." (*Id.* at ii, 2).  He further stated that Infinity itself had "made it impossible for Counsel to fully comply with several of the [ethical] rules" governing attorney conduct (*Id.* at 5), noting that: (1) because his representation had been as local counsel through HGD, he had no engagement agreement with Infinity and Infinity had "taken no steps to rectify this situation despite requests to enter into a written engagement," (2) he lacked experience with patent litigation and thus could not "fully advise Infinity with respect to th[e] matter (or the other eleven)," and (3) Infinity had rejected his request that he be paid "a monthly fee for continuing as local counsel while Infinity sought new counsel," thus forcing him "into the position of being a hostage with no hope of fully performing his duties to Infinity and this Court and without a means of being compensated."  (*Id.* at pp. 4-6).

This Court granted Mr. Sachs' motion to withdraw as counsel for Infinity on November 22, 2013.  (Dkt. 28).  In doing so, the Court specifically ordered Infinity to "promptly retain new counsel," and noted that ""[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.""  (*Id.* at 1 & n.2 (quoting *Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)))).  Mr. Sachs filed his Notice of Withdrawal of Appearance on January 27, 2014 (Dkt. 29), which retroactively terminated his representation of Infinity as of November 21, 2013.

In the three and a half years since the Court ordered Infinity to retain new counsel, no attorney has entered an appearance on Infinity's behalf.  Nor has Infinity made any effort to keep the Court apprised of the status of the reexamination proceedings and further, it failed to notify the Court (per the Court's orders (Dkt. 20; Dkt. 25)) that on October 25, 2016, the USPTO concluded its reexamination of the patents-in-suit.  And in the nearly seven months since the USPTO issued its last reexamination certificate, no attorney has entered an appearance for Infinity, nor has Infinity moved to lift the stay or taken any other action in this Court to continue prosecuting this case.[4]  Prior to filing this motion, in an attempt to discuss the motion, litigation counsel for TABS and counsel for certain other defendants attempted to ascertain if there was any litigation counsel for Infinity, but received no response.  (Ex. 11 (May 26, 2017 email to Mr. Bowden)).

## B.     The Intervening Reexaminations of the Patents-in-Suit.

The patents-in-suit each have been the subject of multiple reexaminations.[5]  Between 2012 and 2014, each independent claim of all four patents was amended to overcome prior art cited by the examiner. For example, the examiner rejected claims 1, 5-9 and 13-15 of the '915 patent under 35 U.S.C. § 103(a) as unpatentable in view of several different combinations of prior art references.  (*See* Ex. 12 at 18-20 (Final Rejection, Reexamination Control No. 90/012,818 (Oct. 31, 2013))).  In response, Infinity amended claims 1 and 9 (the only two independent claims of the '915 patent) to add the requirement that a claimed instruction be received from "generic send/receive driver communications software."  (Ex. 13 at col. 2 ll. 5-32 (*Ex Parte* Reexamination Certificate, Reexamination Control No. 90/012,818 (Mar. 21, 2014))).

---

[4]     Infinity's CEO did, however, recently send a letter directly to a corporate representative of TABS.  A copy of the letter was also sent to TABS's trial counsel by Infinity.

[5]     *See*, *supra*, note 3.

5

In amending the claims of the '915 patent, Infinity expressly stated that it was adding the "generic" limitation to overcome the cited art.   Indeed, Infinity argued that "no proper combination of the references [cited by the examiner] teaches the subject matter of claims 1 and 9, *as amended*, *as none of the references alone or properly combined teaches using 'generic' send/receive driver communications software.*"   (Ex. 14 at 7-8 (Response to Office Action of April 24, 2013, Reexamination Control No. 90/012,818 (July 24, 2013) (emphasis added)); *see also id.* at 10-12).   Because all other claims of the '915 patent depend from amended claims 1 and 9, all claims of the '915 patent were effectively amended to overcome the prior art cited by the examiner.   (Ex. 13 at col. 1 ll. 14-21 (*Ex Parte* Reexamination Certificate, Reexamination Control No. 90/012,818 (Mar. 21, 2014))).   The '915 patent expired on April 11, 2014, so the potential damages period for this patent is only twenty-one days.

Each of the other three patents was likewise amended during reexamination to overcome prior art cited by the examiner, and the analysis above as to these patents is set out in the table below:

| Patent-In-Suit | Reexamination Certificate With Amended Claims[6] | Amended Claims | Expiration Date |
|---|---|---|---|
| 7,489,423 | May 1, 2012 | Claims 1, 2 and 6 amended to add "generic" limitation. | January 13, 2016 |
| 6,894,811 | July 31, 2012 | Claims 1, 6, 18 and 20 amended to add "generic" limitation.<br><br>Claims 7 and 12 amended to add "using an unmodified standard protocol for" limitation.<br><br>Claim 19 amended to add "wherein the computer is equipped with generic send/receive driver communication software | April 11, 2014 |

---

[6] The claims of the patents-in-suit were not further amended in the subsequent reexamination proceedings identified in Note 3 above.

6

| Patent-In-Suit | Reexamination Certificate With Amended Claims[6] | Amended Claims | Expiration Date |
|---|---|---|---|
| | | to send the digital image signals to the facsimile machine for printing" limitation. | |
| 8,040,574 | March 17, 2014 | Claim 1 amended to add "generic send/receive" limitation. Claims 7 and 8 amended to add "generic" limitation. | January 23, 2015 |

(Ex. 15 at 2-7 (Second Supplemental Amendment, Reexamination Control No. 90/009,901 (April 25, 2012)); Ex. 16 at 1, 3-4 (*Ex Parte* Reexamination Certificate (July 31, 2012) and Certificate of Correction (July 22, 2014) for '811 Patent); Ex. 17 at 5-6 (Amendment in Response Office Action of February 10, 2012, Reexamination Control No. 90/009,902 (Feb. 21, 2012)); Ex. 18 at 2 (*Ex Parte* Reexamination Certificate for '423 Patent (May 1, 2012)); Ex. 19 at 4-7 (Response to Office Action of April 29, 2013, Reexamination Control No. 90/012,817 (July 26, 2013)); Ex. 20 at 2 (*Ex Parte* Reexamination Certificate for '574 Patent (Mar. 17, 2014))). Each of the four patents-in-suit has now expired.

## III.   ARGUMENT

### A.   The Court Should Dismiss Infinity's Complaint Because Infinity's Failure to Secure Legal Representation Makes Further Adjudication of this Case Impossible.

It is undisputed that corporations "may appear in federal court only through counsel." *Goldstein v. Roxborough Real Estate LLC*, No. 15-3680, 2017 U.S. App. LEXIS 1955, at *5 (3d Cir. Feb. 3, 2017); *see also Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966). Thus, where a court instructs a corporate plaintiff to secure counsel, plaintiff's failure to do so warrants a dismissal under Rule 41(b). *See, e.g.*, *Beaver Res. Corp. v. Brawand*, 618 F. App'x 736, 737 (3d Cir. 2015) (affirming district

court's dismissal of case under Rule 41(b) where corporation disregarded court order to obtain counsel); *Tallard Techs., Inc. v. Iprovide Grp., Inc.*, No. 2004-101, 2013 U.S. Dist. LEXIS 72284, at *7-8 (D.V.I. May 22, 2013) (dismissing corporation's claims under Rule 41(b) for failure to comply with court orders directing it to secure counsel).

Ordinarily, dismissal under Rule 41(b) for failure to prosecute requires the evaluation and balancing of six factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[7] Where, however, a "litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary." *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010); *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *Jackson v. U.S. Bankr. Court*, 350 F. App'x 621, 624 (3d Cir. 2009) ("[W]here a litigant . . . effectively makes it impossible to proceed," dismissal without consideration of the *Poulis* factors is proper).

A corporation's failure to retain counsel in accordance with a court order makes "adjudication of its claims impossible because it [cannot] otherwise appear to prosecute [them]." *Tallard Techs.*, 2013 U.S. Dist. LEXIS 72284, at *7.   Therefore, dismissal of a corporate plaintiff's claims for failure to comply with a court order directing it to secure counsel is appropriate without consideration of the six *Poulis* factors.   *Id.*

Here, Infinity knew as early as March 8, 2013 that it needed to find new counsel.  (Dkt. 21, p. 3).  By that date, Mr. Bridges, Infinity's primary litigation counsel, advised Infinity of his plans to withdraw and that Mr. Sachs, its local counsel, would represent it only for an additional ninety days before also seeking to withdraw.  (*Id.*)  Despite having had the apparent assistance of

---

[7]        Because this is a patent case, the law of the Court of Appeals for the Federal Circuit normally applies.  However, because a Rule 41(b) Motion to Dismiss involves procedural matters unrelated to patent law, the law of the regional Court of Appeals applies, here the United States Court of Appeals for the Third Circuit. *Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1375 (Fed. Cir. 2005) (applying regional Ninth Circuit law in reviewing appeal of Rule 41(b) dismissal from District of Arizona).

outside corporate counsel during that period, Infinity was either unable or unwilling to find an attorney to appear and represent it in this case.  (Dkt. 27 at 1-2).  Ultimately, on November 22, 2013, this Court granted Mr. Sachs' request to withdraw and ordered Infinity to promptly obtain new representation.  (Dkt. 28).

This Court made it abundantly clear that Infinity could not proceed without an attorney. Indeed, the order granting Mr. Sachs' motion to withdraw explicitly states that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  (*Id.* at 1 n.2).  Accordingly, Infinity cannot claim to be unaware of the requirement that it be represented or of this Court's order that it secure new counsel promptly. Nor can it claim that the stay changed these requirements as the Court ordered Infinity to secure counsel after the case was already stayed.  (*Id.* at n.1 ("[T]he case is currently in civil suspense pending the P.T.O.'s final resolution on the patents at issue in this suit.")).

Infinity is in clear violation of this Court's November 22, 2013 order.  And, because it is impossible for Infinity to prosecute its claims in this Court without an attorney, dismissal of Infinity's claims with prejudice and without further consideration of the *Poulis* factors is warranted.  *See Shipman*, 381 F. App'x at 164; *Tallard Techs.*, 2013 U.S. Dist. LEXIS 72284, at *7.

## B.   The Court Should Dismiss the Complaint Under an Application and Balancing of the *Poulis* Factors.

Although not required under these circumstances, application and balancing of the *Poulis* factors yields the same result:  dismissal of Infinity's claims with prejudice.  *See Poulis*, 747 F.2d at 868.  The six *Poulis* factors are:

(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to [comply with the Court's order]; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an

analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.*

"There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint." *Qadr v. Overmyer*, 642 F. App'x 100, 102–03 (3d Cir. 2016). Failure to prosecute does not require that the plaintiff "have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if [plaintiff] does nothing, knowing that until something is done there will be no trial." *Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

In *Tallard Techs.*, a case with facts not dissimilar to this one, the court found dismissal warranted without consideration of the *Poulis* factors, but observed that the same result would follow even considering those factors. 2013 U.S. Dist. LEXIS 72284, at *9-12. Specifically, the court found IProvide Group, Inc., a third party plaintiff, was responsible for failing to secure substitute counsel and prosecute its claims, and that the third party defendants were prejudiced by the fact that they were required to "expend resources in motions practice and proceed for many years with lingering unresolved matters pending against them." *Id.* at *9-10. The court also found that IProvide's failure to comply with the court's order to secure new counsel and to make an appearance was dilatory and, while the record did not reveal any direct evidence of bad faith, IProvide's prolonged failure to respond evidenced some willfulness on its part. *Id.* at *10-11. Finally, the court found that while it could not properly assess the meritoriousness of IProvide's claims on the record before it, it was not necessary that all of the factors tip in favor of dismissal. *Id.* at *11-12 ("Here, at least five of the six *Poulis* factors favor dismissal – with [IProvide's] responsibility for causing the litigation deadlock assuming paramount importance – and 'the Court need not make a determination on the sixth *Poulis* factor to find in favor of [the

moving party's] motion.'" (quoting *Ramada Worldwide, Inc. v. Veer Enters., LLC*, No. 10-6480 ES-SCM, 2013 U.S. Dist. LEXIS 46099, at *13 (D.N.J. Mar. 28, 2013))).   Considering the *Poulis* factors as a whole, the court concluded that dismissal of IProvide's claims was warranted. *Id.* at *12.

This case also draws strong parallels with *J & P Recovery, Inc. v. R.C. Dolner, Inc.*, No. CIV.A. 00-5761, 2002 WL 1774058 (E.D. Pa. Aug. 1, 2002).   In *J & P*, after the corporate plaintiff filed its complaint and the defendants answered, plaintiff's counsel attempted to withdraw because plaintiff failed to pay his legal fees, but the court denied the initial withdrawal request.   *Id.* at *1.   The court later granted a renewed motion to withdraw by plaintiff's counsel because the plaintiff continued to not pay his counsel's fees or provide assurances that counsel would be paid.   *Id.*   In granting the withdrawal, the court ordered plaintiff to retain new counsel: "Plaintiff was advised by the court of the obligation of a corporation to appear in federal court through counsel and cautioned that the failure to do so would subject its claims to dismissal and subject it to a default judgment on defendants' counterclaim."   *Id.*   After several months, plaintiff had still not retained counsel, so the defendants filed a motion to dismiss for failure to prosecute, which the court granted.   *Id.* at *2.   In *J & P*, the court applied the *Poulis* factors and found dismissal appropriate where plaintiff failed to retain counsel for nearly six months, in violation of the court's order.   *Id.*

Here, as in *Tallard Techs.* and *J & P*, evaluation of the *Poulis* factors leads to the conclusion that Infinity's claims must be dismissed.   First, Infinity is solely responsible for its failure to obtain new counsel.   Its lead litigation counsel withdrew because of irreconcilable differences with Infinity over how to handle the case, and its local counsel withdrew because (among other reasons) Infinity refused to pay for the legal services provided.   In view of its past

behavior, it is not difficult to imagine that Infinity would struggle – assuming it tried – to find new counsel to represent it.  In short, Infinity "has no one but [itself] to blame" for its lack of counsel.  *See Beaver Res. Corp.*, 618 F. App'x at 739.  Thus, the first *Poulis* factor favors dismissal.[8]

Second, Infinity's failure to secure new counsel during the years-long reexamination proceedings or in the more than seven months since the last of the four patents emerged from reexamination is prejudicial to TABS.  *See ResumeBear Holdings Corp. v. Huard*, No. 14-4482 (PGS), 2016 U.S. Dist. LEXIS 33402, at *7 (D.N.J. Jan. 21, 2016) (six month delay in obtaining replacement counsel constituted prejudice); *Edokeda Trading, Ltd. v. Merch. Nat'l, LLC*, No. 12-7481 (SRC), 2013 U.S. Dist. LEXIS 129893, at *6 (D.N.J. Aug. 22, 2013) ("virtual stand still" of more than four months was prejudicial to defendants).   "Prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  In addition to the presumptive prejudice to TABS by Infinity's unreasonable delay, Infinity has also advantageously used the court system to require TABS to pay the ongoing costs of litigation: retaining counsel to monitor the reexaminations, monitor the appeals to the Patent Trial and Appeal Board (PTAB), and represent TABS in this litigation, including the expense of bringing this motion.  *See Tallard Techs.*, 2013 U.S. Dist. LEXIS 72284, at *10 (third party defendants' expenditure of resources in motion practice constituted prejudice).

---

[8]      Yesterday, on June 8, 2017, after facing the prospect of motions to dismiss for failure to prosecute in this and certain other cases referenced above in note 1, Infinity's CEO filed a pro se "Status Update." (Dkt. 31).  In this "Update," Infinity does not state:  (1) when its search for counsel began; (2) why it has failed to inform the Court or TABS ***over the last three and a half years*** as to its efforts to secure counsel and why these efforts were unsuccessful; and (3) why it simply ignored Court orders until faced with a motion to dismiss.  The basis for this motion is not undercut by this transparent effort to keep the case alive – despite lack of activity over a three and a half year period of time.  Infinity's submission amounts to simply a request to the Court to ignore its failure to comply with the Court's orders over a long period of time.

Prejudice includes "excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). TABS is further prejudiced by not being able to obtain a resolution to its counterclaims due to Infinity's avoidance. *See J & P*, 2002 WL 1774058, at *2. As TABS continues to accumulate irremediable maintenance costs associated with defending an unresolved and open case, Infinity does nothing. Thus, the second *Poulis* factor favors dismissal.

Third, Infinity unquestionably has been dilatory in complying with the Court's order to obtain new counsel. *See, e.g.*, *Mindek v. Rigatti*, 964 F.2d 1369, 1375 (3d Cir. 1992) ("[D]istrict courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, *pro-se* or represented, who will not obey court orders."). Despite the Court's clear directive to secure new counsel promptly and Infinity's knowledge that it could not proceed without representation, Infinity has failed – for three and a half years – to take the steps necessary to secure counsel who will appear in this case. Likewise, Infinity failed to comply with the Court's order to provide regular updates regarding the status of the reexamination proceedings. *See Edokeda*, 2013 U.S. Dist. LEXIS 129893, at *6-7 (finding dilatoriness where "Plaintiff has not contacted th[e] Court, sought an extension or provided any justification for its noncompliance throughout this case."); *see also Tallard Techs.*, 2013 U.S. Dist. LEXIS 72284, at *10 (failure to comply with Court's orders constitutes dilatory conduct). Thus, the third *Poulis* factor favors dismissal.

Fourth, Infinity's failure to "provide[] any justification for its noncompliance and the absence of a reasonable excuse suggests willful or bad conduct." *Edokeda*, 2013 U.S. Dist. LEXIS 129893, at *7-8. In fact, Infinity's failure to communicate directly with or pay its former

counsel suggests that a pattern of willful conduct is at the heart of its inability to secure new counsel.  Thus, the fourth *Poulis* factor favors dismissal.

Fifth, dismissal appears to be the only possible remedy.  Infinity has been "afforded more than a reasonable amount of time to retain new counsel," but has not done so.  *Id.* at *8.  As a corporation, it cannot proceed with this case except through counsel.  *Goldstein*, 2017 U.S. App. LEXIS 1955, at *5.  Because no lesser sanction would remedy the present situation, the fifth *Poulis* factor favors dismissal.

Sixth and last, although the above *Poulis* factors on their own are sufficient to warrant dismissal, TABS is confident it would prove Infinity's claims are without merit if this case were to proceed.  Indeed, TABS has strong invalidity and non-infringement positions.  Further, the scope of plaintiff's claims is already greatly reduced as a result of the amendments Infinity made during reexamination.  Infinity's amendments were made to traverse prior art cited by the examiner as grounds for cancellation of the claims.  *See supra*, pp. 5–7. Thus, at a minimum, Infinity has forfeited any right to recover damages prior to the date of the reexamination certificates.  *See* 35 U.S.C. §§ 252, 307(b); *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346, 1348 (Fed. Cir. 1998) (stating that a patentee is entitled to damages "for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims" *only* where the reexamined claims are "identical" to the original claims, *i.e.*, that the reexamined claims are not substantively changed, and that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment.").  Prior to reexamination, TABS's maximum *potential* exposure was approximately one and a half to nine years; as a result of plaintiff's amendments during reexamination, TABS's *maximum* potential exposure now ranges from a period of about three

14

weeks to under four years depending on the date the reexamination certificate issued and the expiration date of each patent.  This factor therefore also likely favors TABS.

Even if this sixth factor is considered only neutral (s*ee, e.g.*, *Martino v. Solaris Health Sys. Corp.*, No. CIV.A.04 6324 SRC, 2007 WL 1959226, at *2 (D.N.J. June 29, 2007) ("Given the lack of discovery, the Court cannot evaluate the merits of Plaintiff's claim.")), it is enough that, when balanced, the factors as a whole support dismissal, especially because the failure to secure litigation counsel falls squarely and entirely on Infinity's shoulders.  *See ResumeBear Holdings Corp.*, 2016 U.S. Dist. LEXIS 33402, at *7-9 (noting that "[i]n light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims," but nevertheless dismissing complaint with prejudice where the plaintiff's failure to secure counsel fell "squarely on itself" and the other *Poulis* factors supported dismissal); *see also Adegbuji v. Middlesex Cty.*, 347 F. App'x 877, 881 (3d Cir. 2009) ("[W]e have never required complete satisfaction of each *Poulis* factor in order to justify the sanction of dismissal."); *Mindek*, 964 F.2d at 1373 ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint.").

Weighing all of the *Poulis* factors together, Infinity's claims should be dismissed with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, this Court should grant TABS's motion to dismiss Infinity's claims with prejudice for its failure to prosecute and failure to adhere to the Court's orders.

Dated:   June 9, 2017

Respectfully submitted,


By:  DORSEY & WHITNEY LLP
     */s/ Paul T. Meiklejohn*

Paul T. Meiklejohn
WA Bar No. 17477
meiklejohn.paul@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-8746
Facsimile: 206-903-8820

CONRAD O'BRIEN P.C.
Nancy J. Gellman
ngellman@conradobrien.com
1500 Market Street
Centre Square West Tower, 39th Floor
Philadelphia, PA  19102
Telephone:  215-864-8065
Telephone:  215-864-8065

**ATTORNEYS FOR TOSHIBA AMERICA**
**BUSINESS SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, a copy of the foregoing documents entitled

DEFENDANT TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.'S MOTION TO

DISMISS and DEFENDANT TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.'S

MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS were filed

electronically with the Electronic Court Filing (CM/ECF) system of the United States District

Court for the Eastern District of Pennsylvania, which will provide an electronic notice and copy

to the attorneys of record for the parties.  A copy of this filing has also been served by U.S. First

Class Mail on Plaintiff at the following address of record:

> Infinity Computer Products, Inc.
> 315 Saybrook Road
> Villanova, PA  19085

> */s/   Paul T. Meiklejohn*
> Paul T. Meiklejohn