# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC. : <br> *Plaintiff* : <br> : <br> v. : <br> : <br> TOSHIBA AMERICA BUSINESS : <br> SOLUTIONS, INC. : <br> *Defendant* : | CIVIL ACTION <br><br> NO. 12-6796 |

NITZA I. QUIÑONES ALEJANDRO, J.                                               FEBRUARY 27, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

The above-captioned civil action is one of eight cases remaining that were consolidated by Order dated January 11, 2018,[1] (collectively, the "Related Cases"), for discovery and pretrial purposes, and designated as the lead case. Before this Court is Defendant Toshiba America Business Solutions, Inc.'s ("Moving Defendant") motion to transfer venue to the United States District Court for the Central District of California pursuant to the *forum non conveniens* provision of 28 U.S.C. § 1404(a). [ECF 59]. Plaintiff Infinity Computer Products Inc., ("Plaintiff" or "Infinity") opposes the motion to transfer. [ECF 63].[2] The issues raised in the motion have been fully briefed and are now ripe for disposition. For the reasons set forth, Moving Defendant's motion to transfer is denied.

---

[1] Originally twelve cases were consolidated. These cases are filed as: Civil Action Nos. 12-6796, 12-6797, 12-6798, 12-6799, 12-6800, 12-6802, 12-6803, 12-6804, 12-6805, 12-6806, 12-6807, and 12-6808. Of these, as discussed *supra*, four cases (Civil Action Nos. 12-6797, 12-6799, 12-6800, and 12-6806) have been transferred to other district courts.

[2] In deciding the motion to transfer, this Court also considered Moving Defendant's reply in support of its motion to transfer. [ECF 66].

## BACKGROUND[3]

The procedural history in this case is protracted and can be summarized as follows:

On June 30, 2010, Plaintiff filed a patent infringement action against fifteen corporate defendants, including Moving Defendant, (the "Original Defendants") which was docketed at Civil Action No. 10-3175 (the "Original Case"), and assigned to the calendar of the Honorable Legrome D. Davis.[4] Subsequently, Plaintiff amended the complaint to assert patent infringement counts related to its Patent Nos. 6,894,811 (the "811 Patent") and 7,489,423 (the "423 Patent").[5] [Original Case ECF 158]. On October 5, 2012, the Original Defendants filed motions to dismiss the complaint and/or sever based on misjoinder, [Original Case ECF 260, 261], which Plaintiff opposed. [Original Case ECF 265, 266]. On November 16, 2012, Judge Davis granted the motion to sever, [Original Case ECF 280], and ordered that the civil actions be severed,[6] and that Plaintiff file separate complaints against each defendant. On December 5, 2012, Plaintiff filed separate complaints, this time asserting four patent infringement claims against numerous defendants, including Moving Defendant, specifically alleging infringement of the 811 and 423 Patents, as well as Patent Nos. 8,040,574 (the "574 Patent") and Patent 8,294,915 (the "915 Patent")[7] (Patents 811, 423, 574 and 915, will be referred to collectively as the "Patents").[8]

---

[3] The procedural and factual background of this case is known to the parties. Therefore, only the facts pertinent to the motion to transfer will be discussed.

[4] The original fifteen defendants are: (1) Brother International Corporation; (2) Toshiba America Business Solutions, Inc.; (3) OKI Data Americas, Inc.; (4) Samsung Electronics Americas, Inc.; (5) Lexmark International, Inc. (6) Canon USA, Inc.; (7) Konica Minolta Business Solutions, U.S.A., Inc.; (8) Panasonic Corporation of North America; (9) Xerox Corporation; (10) Hewlett-Packard Company; (11) Epson America, Inc.; (12) Ricoh Americas Corporation; (12) Dell, Inc.; (14) Eastman Kodak Company; and (15) Sharp Electronics Corporation.

[5] The 811 Patent is entitled "Interface Circuit for Utilizing a Facsimile Coupled to a PC as a Scanner or Printer." The 423 Patent is entitled "Interface Circuit for Utilizing a Facsimile Machine Coupled to a PC as a Scanner or Printer."

[6] Prior to the cases being severed, Infinity and Sharp Electronics filed a joint motion to dismiss all of Infinity's claims against Sharp Electronics [Original Case ECF 237]. Judge Davis granted said motion on October 29, 2011. [Original Case ECF 239].

[7] The 574 Patent is entitled "Interface Circuit for Utilizing a Facsimile Machine Coupled to a PC as a Scanner or Printer." The 915 Patent is entitled "Interface Circuit for Utilizing a Facsimile Machine Coupled to a PC as a Scanner or Printer."

[8] Infinity ultimately filed thirteen actions against the remaining defendants in the Original Case other than Brother International Corporation. One of these cases, *Infinity Computer Products, Inc. v. Eastman Kodak Company* (12-cv-6801) was subsequently voluntarily dismissed by Infinity on December 27, 2012. [Civil Action No. 12-6801 ECF 5]. In addition, on May 16, 2013, Infinity and Brother

On January 23, 2013, Moving Defendant filed an answer, admitting that venue was proper in this district, and asserting counterclaims against Plaintiff. [ECF 9]. On February 13, 2013, Plaintiff filed an answer to Moving Defendant's counterclaims. [ECF 15]. On April 12, 2013, Moving Defendant moved to stay this action pending the outcome of a reexamination of the Patents by the United States Patent and Trademark Office ("USPTO"). [ECF 18]. Notwithstanding Plaintiff's opposition, Judge Davis granted the motion and stayed this proceeding pending the conclusion of the reexamination. [ECF 20].[9]

On July 12, 2013, Plaintiff's then-counsel, Attorney Robert Sachs, moved to withdraw as counsel. [ECF 21]. Judge Davis denied the motion. [ECF 22]. On November 18, 2013, Attorney Sachs renewed his motion to withdraw as counsel. [ECF 27]. By Order dated November 22, 2013, Judge Davis granted the motion and ordered Plaintiff to "promptly retain new counsel." [ECF 28]. Despite the passage of more than three-and-one-half years, no attorney entered an appearance on behalf of Plaintiff. As a result, on June 9, 2017, Moving Defendant moved to dismiss the complaint pursuant to Rule 41(b) based on Plaintiff's failure to prosecute the claims and comply with Judge Davis' order. On June 15, 2017, Judge Davis again ordered Plaintiff to obtain counsel and to file a response to the Rule 41(b) motion. [ECF 34]. On July 13, 2017, Attorney Edward Behm, Jr., entered his appearance on behalf of Plaintiff, and filed a response in opposition to the Rule 41(b) motion. [ECF 35, 36]. On July 28, 2017, Plaintiff filed a motion to lift the stay in this case, [ECF 42], as well as the other Related Cases, which was granted by Judge Davis by Order dated August 8, 2017. [ECF 45].

Judge Davis retired in September 2017, and by Order dated October 3, 2017, this case, and the other Related Cases, were reassigned to the undersigned. [ECF 47]. By Order dated October 12, 2017, Moving Defendant's Rule 41(b) motion was denied. [ECF 49]. On January 9, 2018, a preliminary pretrial conference was held with counsel for the parties in the Related Cases, including counsel for Moving Defendant. Pursuant to the discussion with the parties in the Related Cases, the Related Cases were consolidated for discovery and pretrial purposes, and the above-captioned case was designated as the lead case. [ECF 58]. This Court set a deadline of January 16, 2018, as the date to file motions to dismiss and/or transfer for improper venue. [ECF 57]. The Order specifically provided that the "failure to file a motion to dismiss and/or transfer for improper venue by January 16, 2018, will be deemed a waiver of any argument that venue

---

International Corporation filed a stipulated motion to dismiss all claims with prejudice, [Original Case ECF 289], which Judge Davis granted. [Original Case ECF 290].

[9] Around the same time, Defendants in the other Related Cases likewise moved to stay their respective cases pending the outcome of the reexamination. Judge Davis granted the motions and all of the Related Cases were stayed.

is improper in the United States District Court for the Eastern District of Pennsylvania." (*Id.*).

On January 16, 2018, Moving Defendant filed the instant motion to transfer for *forum non conveniens* pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). Notably, Moving Defendant does not argue that venue is improper in this district, but only that it is inconvenient.[10]

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to

---

[10] Four Defendants in the Related Cases, Defendants OKI Data America, Inc. ("OKI"), Lexmark International, Inc. ("Lexmark"), Canon U.S.A, Inc. ("Canon"), and Epson America, Inc. ("Epson"), filed separate motions to transfer based, not on *forum non conveniens* but instead improper venue pursuant to 28 U.S.C. §§ 1400(b) and 1406. Defendants OKI, Canon, and Epson filed their motions to transfer prior to the preliminary pretrial conference, and Defendant Lexmark filed its motion on January 16, 2018, in accordance with the deadline set by this Court's Order.

Section 1400(b) is the applicable venue statute for civil actions based on claims of patent infringement. Section 1400(b) provides that a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). On May 22, 2017, the Supreme Court decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), was issued, which held that for purposes of venue under § 1400(b), a domestic corporation "resides" *only* in its state of incorporation. This decision prompted the above four Defendants to file their motions to transfer for improper venue, because they are not incorporated in Pennsylvania, and do not maintain "regular and established place[s] of business" in this district. On February 23, 2018, this Court concluded that venue in this district was improper for Defendants OKI, Canon, Epson, and Lexmark, and granted their respective motions to transfer. [ECF 72, 73, 74, 75].

As noted above, Moving Defendant did not file a motion to transfer venue based on improper venue, and the deadline to do so has passed. In its motion to transfer for *forum non conveniens*, Moving Defendant asserts that it is incorporated in California, and maintains its headquarters in Lake Forest, California, in the Central District of California, but does not state whether it maintains a regular and established place of business in this district. Plaintiff, however, asserts that Moving Defendant has a regular place of business in King of Prussia, Pennsylvania, which is located in this district. [ECF 63 at 3]. Moving Defendant has not rebutted this assertion. Accordingly, without deciding the appropriateness of venue in this judicial district, this Court will only note that Moving Defendant has not denied that it has a regular and established place of business in this district.

prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In determining whether transfer is appropriate, "the district court is vested with wide discretion," *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973), consistent with federal law. *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 877-78 (3d Cir. 1995).

The threshold inquiry under § 1404(a) is whether venue in the transferee district is proper. *Id.* at 878. If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). Although "there is no definitive formula or list of the factors to consider," when determining whether a transfer is warranted, a court should weigh existing relevant private and public interests in its decision process. These interests are the following:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive*;* the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted).

The party seeking the transfer bears the burden of establishing the need for the transfer. *Id.* at 879.[11] "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Penn Mut. Life Ins. Co. v. BNC Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970)). Further, the delay in filing a motion to transfer pursuant to § 1404(a), while not dispositive, is a factor to be considered in ruling on the motion. *See Abbott v. CSX Transp., Inc.,* 2008 WL 4522481, at *3 (E.D. Pa. Oct. 8, 2008) (noting that "delay alone does not preclude transfer" but supported the denial of the motion to transfer); *Kravas v. Private Adoption Servs., Inc.*, 2009 WL 5184689, at *4 n.4 (W.D. Pa. Dec. 22, 2009) (noting that while the "length of time before bringing a § 1404(a) motion *is* to be considered," a "delay in filing a motion for transfer of venue is not alone dispositive.").

**DISCUSSION**

Moving Defendant argues that this case could have been brought in the Central District of California, and that transferring it to that district would be in the interest of justice and convenient for the parties and witness. Plaintiff opposes the motion.

Venue in patent infringement cases, such as this matter, is governed by 28 U.S.C. § 1400(b). This section provides that "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

---

[11] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, *4 (E.D. Pa. Oct. 2005).

infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As an initial threshold inquiry, because Moving Defendant "resides" in California and has its principal place of business in the Central District of California, this Court finds that this civil action could have been brought in the Central District of California. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation."). Having concluded that the transferee court has venue, this Court will now weigh the *Jumara* factors to determine whether transfer is warranted.

## PRIVATE FACTORS

As noted, the private factors discussed in *Jumara* include: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879.

### *Plaintiff's Choice of Forum*

Plaintiff is incorporated in Pennsylvania, actively operates its business in this district, and its Chief Executive Officer resides in this district. [ECF 63 at 6].[12] Plaintiff has chosen to litigate this matter in its home forum. Thus, a "plaintiff's choice of forum is ordinarily entitled to paramount consideration," *Penn Mut.*, 2010 WL 3489386, at *8 (internal quotations omitted), especially where, as here, the plaintiff has chosen to litigate in its own home forum. *Am. Argo*

---

[12] Plaintiff relies on the declaration of Mr. Marvin Nachman, Plaintiff's Chief Executive Officer, to support its factual assertions. [ECF 63-1].

*Corp. v. U.S. Fid. & Guar. Co.*, 590 F. Supp. 1002, 1004 (E.D. Pa. 1984) ("[W]here, as here, the plaintiff files suit in its home forum, that choice is entitled to considerable deference."). Plaintiff's selection, therefore, weighs heavily in favor of denying transfer.[13]

Moving Defendant attempts to chisel away at this forum deference and argues that this matter should be transferred to the Central District of California, where it will be consolidated with Defendant Epson's recently transferred case, to avoid the possibility of inconsistent rulings were this case to remain in Pennsylvania. This concern is without merit. Whether this case is transferred or not, there will be Related Cases heard and decided by this Court. Thus, transfer will neither increase nor decrease the likelihood of inconsistent decisions. Further, in these patent cases, both this Court and the United States District Court for the Central District of California are bound by the decisions of the United States Federal Circuit Court, and any appeal of either court's decision will be decided by the United States Federal Circuit Court. *See In re Cray Inc.*, 871 F.3d at 1360 (Fed. Cir. 2017); *In re Micron Tech., Inc.*, 875 F.3d 1091, 1098 (Fed. Cir. 2017); *see also Trustees of Univ. of Pennsylvania v. St. Jude Children's Research Hosp.*, 982 F. Supp. 2d 518, 529 n.14 (E.D. Pa. 2013). Thus, the risk of inconsistent decisions by this Court and the United States District Court for the Eastern District of California is minimal.

Moving Defendant also argues that because the "center of gravity" of the alleged patent infringements occurred in the Central District of California, the preferred forum is California.

---

[13] Moving Defendant argues that if the Related Case against Defendant Epson is transferred to the Central District of California, (which it was after Moving Defendant filed its motion to transfer), Plaintiff's forum choice is entitled to less deference. [ECF 59 at 8-9]. Where "a related action is pending in another forum, the plaintiff['s] choice is entitled to less deference," because the transferred action would likely be consolidated with the related pending action, and such transfer will result in less wasted resources on the part of the judiciary and "serves the interests of justice because it avoids potential inconsistent results." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 459 (E.D. Pa. 2013). Here, there is a related action in the Central District of California, and seven related actions before this Court. Thus, transfer of this action would not result in less wasted time or effort on the part of the judiciary.

[ECF 63 at 5-7]. This Court acknowledges that courts have held that in a "patent infringement case the preferred forum is that which is the center of gravity of the accused activity." *Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 266 (E.D. Pa. 2016) (internal quotations omitted). "The center of gravity for such claims is in the district where the alleged infringement occurred." *Id.* (internal quotations omitted). Where the center of gravity is in another district, a plaintiff's choice of venue is accorded less deference. *Id.* However, while the center of gravity test is a factor to consider, it "is to be given substantial weight only where the plaintiff has engaged in forum shopping." *Lucent Techs., Inc. v. Aspect Telecommunications Corp.*, 997 WL 476356, at *3 (E.D. Pa. Aug. 20, 1997). That is not the case here. The cases relied upon by Moving Defendant in support of its "center of gravity" argument all involve plaintiffs who filed suit outside their home forum. Where, as here, a plaintiff files suit in its home forum, and there is no evidence of forum shopping, the "center of gravity" test only slightly weakens the strong deference a district court must give to the plaintiff's forum choice. Thus, the "center of gravity" test only slightly weakens this Court's deference to Plaintiff's forum choice.

*Moving Defendant's Forum Preference*

The second factor, the defendant's forum preference, "is entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Morrison v. Lindsey Lawn & Garden, Inc.*, 2014 WL 831570, at *3 (E.D. Pa. Mar. 4, 2014). This is especially true where, as here, a defendant has delayed filing a motion to transfer pursuant to § 1404(a). *See Abbott,* 2008 WL 4522481, at *3 (noting that "delay alone does not preclude transfer" but that it supported the denial of the motion to transfer). As noted in the analysis of Plaintiff's forum selection, Moving Defendant's reasons for selecting venue in California versus Pennsylvania have been discounted and need not be repeated again. In light of these considerations, this factor weighs against a transfer.

9

*Whether the claim arose elsewhere*

The third factor, where the majority of events giving rise to the claim occurred, weighs in favor of not transferring the case. While Moving Defendant's operations are primarily located in the Central District of California and, thus, much of the alleged infringing conduct occurred in California, there does not appear to be any dispute that some of the alleged infringing activity occurred in this district. In addition, in its counterclaim against Plaintiff, Moving Defendant questions the validity of the Patents.[14] As such, the pertinent activities regarding the invention, reduction to practice, and filing of the patents occurred in this district. These considerations weigh against transfer. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2009 WL 3055300, at *3 (W.D. Pa. Sept. 21, 2009) (finding that when all activities regarding the invention of the patents took place in the plaintiff's chosen forum and the defendant asserted counterclaims that seek to invalidate the patents at issue, transfer is not warranted).

*Convenience of the parties as indicated by their relative physical and financial condition*

While it is self-evident that both parties would find it more convenient to litigate in their respective home fora, "*Jumara* instructs this Court to consider the relative financial condition of the parties . . ." when considering this factor. *Carnegie Mellon*, 2009 WL 3055300, at *3. Moving Defendant, a Fortune 500 company, is larger and has greater financial resources with which to litigate in a foreign forum than Plaintiff, a smaller local company. Thus, this factor weighs in favor of denying transfer. *See id.* (noting that the defendants are publicly-traded corporations with global operations and annual revenues that exceed $2 billion that have the "financial wherewithal of litigating in Pennsylvania."); *DermaMed*, 152 F. Supp. 2d at 783 (finding that the defendants were the "largest marketers of cosmetic goods, spa treatments

---

[14] In its reply, Moving Defendant indicates that it intends to voluntarily dismiss its counterclaims. [ECF 66 at 2]. As of the date of this Memorandum Opinion, Moving Defendant has not done so.

accessories and machinery and equipment in the beauty and cosmetics field" that would have no issues with litigating in Pennsylvania).

*Convenience of the witnesses*

"When arguing for transfer on the basis of witness availability at trial and witness convenience, movant has the responsibility to specify clearly the key witnesses to be called." *Szabo v. CSX Transp., Inc.*, 2006 WL 263625, at *2 (E.D. Pa. Feb. 1, 2006). A defendant must do more than simply argue that its witnesses will be inconvenienced; it must argue that they would be unavailable to appear in the relevant district. *See Jumara*, 55 F.3d at 879 (noting that the "convenience of the witnesses [is only relevant] to the extent that the witnesses may actually be unavailable for trial in one of the fora"); *see also Abbott*, 2008 WL 4522481, at *2 (noting that "[w]hile it might be more convenient for witnesses located in Virginia to testify in Virginia, [the d]efendant does not argue that any witnesses will be unable to attend a trial in this District."); *Askew v. CSX Transp., Inc.*, 2008 WL 4347530, at *2 (E.D. Pa. Sept. 22, 2008) (noting the witness convenience standard is whether the witnesses are unavailable, not merely inconvenienced)).

Moving Defendant argues that the relevant witnesses who were involved in the decisions and activities relevant to Moving Defendant's conduct are located at its headquarters in the Central District of California, which supports transfer. [ECF 59 at 9-10]. Moving Defendant, however, fails to identify any specific witness who would be called and why such witness would be unavailable for trial or unable to travel to Pennsylvania. Accordingly, Moving Defendant has not met its burden as to this factor, and it is, thus, neutral or it weighs in favor of Plaintiff.

*Location of books and records*

The location of books and records is likewise "limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879; *DermaMed*, 152 F. Supp. 2d

11

at 784 ("[I]t is only if . . . documents [are] incapable of being produced in the forum that the convenience of parties carries sufficient weight to render transfer of venue appropriate."). With the availability of photocopying and electronic discovery, the location of documents is generally a neutral factor, *see Kravas v. Private Adoption Servs., Inc.*, 2009 WL 5184689, at *4 (W.D. Pa. Dec. 22, 2009), and Moving Defendant has not provided any support, and does not assert, that it cannot produce records or samples located at its headquarters in this district. This factor, thus, is neutral.

## PUBLIC FACTORS

The public interest factors discussed in *Jumara* include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; (6) and the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80.

Because this is a federal patent infringement case, the enforceability of the judgment, public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases, are not relevant in this case. *See Irwin v. CSX Transp., Inc.*, 2010 WL 1071428, at *5 (E.D. Pa. Mar. 22, 2010); *Carnegie Mellon*, 2009 WL 3055300, at *5. This Court will consider the remaining factors.

*Practical considerations that could make the trial easy, expeditious or inexpensive*

Of the Related Cases, seven remain pending in this district, while one has been transferred to the Central District of California. Thus, Plaintiff will be required to litigate in both this district and the Central District of California regardless of whether Moving Defendant's motion to transfer is or is not granted. In addition, while Moving Defendant's trial witnesses are

not identified, it is fair to assume, as Moving Defendant argues, that its witnesses are located in the Central District of California. It is unclear whether Moving Defendant will have more witnesses for Moving Defendant than for Plaintiff. Thus, this factor is a neutral factor or weighs slightly in favor of Plaintiff.

*Relative administrative difficulty in the two fora resulting from court congestion*

Moving Defendant argues that based on federal court management statistics, the Central District of California has a less congested calendar. [ECF 59 at 11-12]. Specifically, Moving Defendant asserts that the Central District of California has a median time from filing to trial in civil cases of 18.9 months, and only 538 civil cases over three years old, whereas this district has a median time of 20.7 months and 1,395 three-year-old cases. (Id.). Moving Defendant contends that this warrants transfer to the Central District of California. (*Id.*).

"Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight." *Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004). In this case, the less than two-month difference in median time from filing to trial is insignificant, and, at most, minimally supports transfer. *Jones Pharma, Inc. v. KV Pharm. Co.*, 2004 WL 323109, at *3 (D. Del. Feb. 17, 2004) (finding that a four-month difference in time from filing to trial only minimally favored transfer). Likewise, the additional number of three-year or older cases in this district minimally supports transfer.

*Local interest in deciding controversies at home*

Plaintiff is a Pennsylvania company, the Patents were developed here, and the alleged infringing activity mostly occurred here. Clearly, "Pennsylvania has an interest in discouraging patent infringement within its borders." *Lucent Techs., Inc. v. Aspect Telecommunications Corp.*, 1997 WL 476356, at *8 (E.D. Pa. Aug. 20, 1997). This factor favors denying transfer.

After weighing and balancing the *Jumara* private and public factors, this Court finds that Moving Defendant has failed to meet its burden of showing that the Eastern District of Pennsylvania, Plaintiff's preferred forum, is an inconvenient venue to litigate Plaintiff's patent infringement claims against Moving Defendant, and the *Jumara* factors collectively weigh in favor of denying Moving Defendant's motion to transfer.

**CONCLUSION**

For the reasons stated herein, Moving Defendant's motion to transfer based on *forum non conveniens* is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.